**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR No. 2-191 |
| v. | ) |
| FRANK CHRISTIAN | |

## OPINION AND ORDER
### SYNOPSIS

In this action, Defendant pleaded guilty to one count of violating 21 U.S.C. § 841. On August 1, 2003, he was sentenced to a term of imprisonment of 262 months. The sentence was based, in part, on a career offender enhancement that in turn rested on two prior convictions for simple assault under Pennsylvania law. No appeal was filed. The judgment was later amended on April 16, 2009, to a term of imprisonment of 180 months.[1] Defendant appealed that judgment, and the Court of Appeals affirmed. Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255, seeking resentencing based on United States v. Johnson, 587 F. 3d 203 (3d Cir. 2009).

### OPINION

**I. APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter,

---

[1] Docket entries and proceedings relating to the amended judgment are sealed, and it is unnecessary to reiterate the details here.

93 Fed. Appx. 402 (3d Cir. 2004). Under these standards, a hearing is unnecessary in this case, and the Motion will be disposed of on the record.

## II. STATUTORY LIMITATIONS

### A. TIMELINESS

I must first address the threshold issue of timeliness. The Government contends that the Motion, filed December 6, 2012, is time-barred. Pertinent here, 28 U.S.C. § 2255(f)(3) provides that a habeas petition must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In addition, Section 2255(f)(4) permits the limitations period to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Defendant's argument suggests that his petition is timely under Section 2255(f)(3) because United States v. Johnson, 587 F. 3d 203 (3d Cir. 2009), created new law.[2] A decision by an appellate court, however, rather than the Supreme Court, does not constitute a right "recognized by the Supreme Court." Thus, by the express terms of Section 2255(f)(3), Johnson does not trigger or delay the limitations period. See, e.g., United States v. George, No. 6-161, 2013 U.S. Dist. LEXIS 467, at **3-4 (W.D. Pa. Jan. 3, 2013); Sanchez v. United States, No. 12-553, 2012 U.S. Dist. LEXIS 18485, at *4 (S.D. Ala. Dec. 14, 2012). Similarly, Defendant appears to invoke Section 2255(f)(4), arguing that he could not have known of or asserted Johnson before the case existed. New case law, however, is not a discoverable "fact" for

---

[2] It is true, however, as the Court of Appeals has indicated, that "The precise implications of … Begay … as to reckless conduct were unclear…. It was only after [defendant's] sentencing that we signaled in United States v. Johnson, … that, post-Begay, reckless conduct no longer qualified as a crime of violence." United States v. Jackson, 2012 U.S. App. LEXIS 18968.

2

purposes of that Section. Wilder v. United States, No. 3-72, 2011 U.S. Dist. LEXIS 87430, at \*\*17, 20 (W.D. Pa. Aug. 8, 2011). Recently, the proposition that our Court of Appeals' decision in Johnson triggers the limitations period of either Section 2255(f)(3) or (4) has been rejected by Judge Conti in this District. Id. at \*\*16-22. I am persuaded by her reasoning in that regard. Thus, as Defendant acknowledges, the operative "new right" was announced in Begay v. United States, 553 U.S. 137, 144-45, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008). Defendant's Motion was filed long after one year from April 16, 2008, when Begay was decided.[3]

Defendant, however, also urges that the limitations period did not begin to run until Begay was applied retroactively. In so doing, he relies on United States v. Lloyd, 188 F. 3d 184 (3d Cir. 1999), which suggested that the date of retroactivity, rather than recognition of the right, might trigger the one-year period. However, this argument is unavailing:

> [S]ubsequent to the Third Circuit's decision in Lloyd, the Supreme Court held that the operative date for applying the one year statute of limitation for § 2255 petitions is the date on which the Supreme Court recognized the new right, not the date on which the right has been held retroactively applicable in cases on collateral review.

Grant v. United States, No. 6-5952, 2008 U.S. Dist. LEXIS 10027, at \*\*8-9 (D.N.J. Feb. 8, 2008) (citing Dodd v. United States, 545 U.S. 353, 360, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005)).

As stated in Dodd, the pertinent language "identifies one date and one date only as the date from which the 1-year limitation period runs: 'the date on which the right asserted was

---

[3] By chronological coincidence, the evidentiary hearing on Defendant's Motion, as well as his resentencing, occurred on April 16, 2009, exactly one year after the Supreme Court decided Begay. Defendant had the opportunity, at any time leading up to that hearing, to address Begay. His appeal, moreover, did not commence until after his resentencing at that hearing. Thus, the appeal did not interfere with his ability to raise Begay collaterally within one year of the Supreme Court decision. Moreover, the intervening adjustment to Defendant's sentence does not alter the date from which the limitations period begins to run, and Defendant does not contend otherwise. See United States v. Brown, No. 2-187, 2007 U.S. Dist. LEXIS 60833, at \*\*7-8 (M.D. Pa. Aug, 20, 2007) (stating, "for purposes of § 2255's one-year limitation, the government's filing of a post-conviction motion which results in a modified or reduced sentence does not affect the finality of the original judgment of conviction.").

initially recognized by the Supreme Court.'" Dodd, 545 U.S. 353, 358 (emphasis in original). Thus, Begay, and not any retroactivity case, supplies the operative date.[4] See Wilder, 2011 US. Dist. LEXIS 87430 at **21-22. Again, that operative date functions to bar Defendant's present Motion.

Although I have found the limits imposed by 2255(f)(3) and (4) insurmountable, I recognize that the time bar is not jurisdictional in nature. I also recognize the importance of the interests at stake. As Defendant asserts, and as stated in Narvaez v. United States, 674 F. 3d 621 (7th Cir. 2011), a claim of the type raised here goes to "the fundamental legality of [defendant's] sentence." Id. at 629.[5] In the interests of justice, therefore, I will consider whether there are other grounds for tolling the limitations period.

Equitable tolling of the limitations period for § 2255 motions "is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling, however, generally occurs when defendant has "in some extraordinary way…been prevented from asserting his or her rights." Id. at 618. "The law is clear that courts must be sparing in their use of equitable tolling." McAuley v. United States, No. 11-6930, 2013 U.S. Dist. LEXIS 22019, at *5 (D.N.J. Feb. 19, 2013). Defendant implies that the history of this matter – the withdrawn 2255 Motion, resentencing, appeal thereof, and intervening appellate decisions – results in a miscarriage of justice should his sentence remain undisturbed. Nonetheless, it remains that he

---

[4] I take separate note of our Court of Appeals' suggestion that Defendant could seek retroactive application of Begay and Johnson via Section 2255 in this Court. U.S. v. Doe, 9-2265, at pp. 11-12 n. 8. (May 10, 2012). That suggestion constitutes neither a certification nor a directive that I entertain a 2255 Motion, nor a determination that those cases are, in fact, to be retroactively applied. Instead, the suggestion is consistent with and reflects the principle that a district court may decide whether a new rule is retroactively applicable. See Wilder, 2011 U.S. Dist. LEXIS 87430, at *22 n. 7. In any event, it remains unsettled whether Begay applies retroactively on collateral review. See United States v. Pratt, No. 6-77 2011 U.S. Dist. LEXIS 147069 (W.D. Pa. Dec. 22, 2011) (discussing split of authority); Wilder, 2011 U.S. Dist. LEXIS 87430, at *22 n. 8 (same). Because I dispose of this matter on other grounds, I do not reach the question of retroactivity.

[5] In Narvaez, the Defendant filed his 2255 Motion within one year of Begay.

identifies no extraordinary event or circumstance that prevented him from asserting <u>Begay</u> within the limitations period.

The Supreme Court has recognized "the potential for harsh results" occasioned by the limitations period imposed by Section 2255. <u>See</u> <u>Dodd</u>, 545 U.S. at 359. Undoubtedly, that potential has been realized in the present case. Nonetheless, as the Supreme Court has also recognized, courts are not free to rewrite the statute, or ignore its dictates, to avoid those results. <u>See</u> <u>id.</u> I commend defense counsel on his thorough and well-prepared attempt to bring <u>Begay</u> and its progeny to bear on Defendant's behalf. Despite those efforts, I am without any grounds for finding that Defendant, in some extraordinary way, was prevented from asserting his rights during the year following the <u>Begay</u> decision. Thus, equitable tolling is unwarranted.

**B. SECOND OR SUCCESSIVE PETITION**

Even if Defendant's Motion were deemed timely filed, I would be obliged to address the Government's contention that it constitutes a second or successive petition, which Section 2255(h) bars absent certification by the Court of Appeals.[6] Defendant counters that his first 2255 Motion was withdrawn, and thus the present Motion, for purposes of the statutory bar, is not the second. The mere fact that a petition is withdrawn, however, does not render it invisible to Section 2255(h). "A prisoner who voluntarily dismisses a § 2255 motion, for instance, may find himself out of luck when he tries to file a second." <u>Vitrano v. United States</u>, 643 F.3d 229, 233 (7th Cir. 2011).

> The stringent limitations [Section 2255] places on the filing of a second or successive petition for habeas corpus … make it vital to determine whether a previous petition (or motion) was "the real thing" that ought to subject the petitioner or movant to those limitations.

---

[6] As an aside, I note that appellate courts have denied leave to file a second or successive motion sought in light of <u>Begay</u>. <u>See, e.g.</u>, <u>In re Dorise</u>, No. 11-40099, 2011 U.S. App. LEXIS 26226 (5th Cir. Mar. 1, 2011).

Potts v. United States, 210 F.3d 770, 770 (7th Cir. 2000).

Our Court of Appeals has not specified when a previous petition should be regarded as "the real thing." See Hayes v. United States, No. 3-62, 2010 U.S. Dist. LEXIS 275, at **4-5 (M.D. Pa. Jan. 5, 2010). Thus, courts within this Circuit look to case law from others. Id. "Drawing these lines can be difficult." Johnson v. United States, 196 F.3d 802, 804 (7th Cir. 1999). Although the line may be ambiguous, it is clear that to be deemed second or successive, a petition "must at a minimum be filed subsequent to the conclusion of a proceeding that 'counts' as the first." Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002). As one court has explained, in gray areas, the court must decide whether the case is closer to one in which the petition was withdrawn before a defendant has any reason to think it is going to be denied, which is "the real thing," and one in which the petitioner withdraws it when it becomes clear that it is about to be denied on its merits. Potts, 210 F.3d at 770. If the circumstances indicate that the withdrawn motion cannot "be thought an abortive filing," then it may be deemed to count as the first. See id.

Another, similar approach holds that the reason for which a defendant withdraws his petition governs the analysis of whether the petition counts as the first. Thai v. United States, 391 F.3d 491, 495 (2d Cir. 2004). For example, "where a petitioner moves to withdraw a § 2255 petition due to curable procedural defects, or upon realizing that his or her claims are not yet exhausted, the voluntary dismissal is akin to a dismissal without prejudice, and the initial petition should not count for successive purposes." Id. On the other hand, if the petitioner concedes upon withdrawal that his petition lacks merit, then the petition is deemed the first for purposes of § 2255(h). Id.

In this case, Defendant was sentenced on August 3, 2003. He did not file an appeal. Defendant initiated no docket activity for years, until he moved for the loan of transcripts on January 14, 2008. On March 6, 2008, he filed a 2255 Motion, attributing the failure of appeal to ineffective counsel. The Government filed a Response to the Motion, alleging untimeliness. Defendant filed a Reply to the Government's response. On October 31, 2008, I scheduled an evidentiary hearing on the timeliness issues presented by the Motion, and appointed counsel for Defendant. At defense counsel's request, in order to resolve various legal and factual matters and allow conference between defense counsel and the Government, the hearing was postponed on four separate occasions.

Ultimately, the hearing took place on April 16, 2009. At the hearing, defense counsel indicated that he had recommended to Defendant that he present at that time an amended 2255 petition to the effect that counsel was ineffective for failing to seek a downward departure based on 4A1.3 and case law within this Circuit, on grounds that the criminal history category overrepresented Defendant's history. Counsel also indicated that he had reviewed Defendant's claims of ineffective assistance of counsel in the original petition, and that it did not appear that there was any flaw in the original sentence that would have given Defendant grounds for appeal. After conferring with the parties, I resentenced Defendant to a term of 180 months imprisonment on grounds other than his 2255 Motion. At that time, after a break during which Defendant conferred with counsel, I also granted his Motion to withdraw his habeas petition. There is no suggestion that the withdrawal was based on factors akin to curable procedural or technical defects.

Under all of the circumstances, Defendant's first Motion cannot be considered an abortive or bungled filing. Defendant was represented by experienced and capable counsel at the

time of the withdrawal, the Motion had been fully briefed by both parties, and an evidentiary hearing was scheduled thereon. The hearing was postponed several times, affording the parties ample opportunity to scrutinize the merits of and grounds for the Motion. Even though it was ultimately withdrawn, the Motion was, in fact, briefly addressed at the hearing. It is difficult to conclude, on the record before me, that Defendant's first Motion was of the type that shouldn't "count." Therefore, although my decision rests on timeliness grounds, I am inclined to find the Motion subject to the strictures of Section 2255(h).

## I. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, on the grounds now presented to and disposed of by the Court, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

For the foregoing reasons, I am constrained to find that Defendant's Motion is barred by the limitations set forth in 28 U.S.C. § 2255, and I cannot entertain his prayer for relief. Further, no certificate of appealability shall issue.

# ORDER

AND NOW, this 14th day of March, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion [71] is DENIED. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court